■ PATRICIA G. KLUMBACH, Individually and as Administratrix of the Estate of MARION G. CARROLL, Deceased, et al., Respondents-Appellants, v PARKCHESTER APARTMENTS COMPANY et al., Appellants-Respondents, and PARKCHESTER SOUTH CONDOMINIUM, Also Known as PARKCHESTER SOUTH CONDOMINIUM INC., Respondent-Appellant. [761 NYS2d 480] —Orders, Supreme Court, Bronx County (Barry Salman, J.), entered May 24, 2002, and order, same court and Justice, entered July 17, 2002, which, inter alia, denied various defense motions for summary judgment dismissing the amended verified complaint, unanimously affirmed, without costs.

Plaintiff Patricia G. Klumbach is the mother of the infant plaintiff Danielle Klumbach and the daughter of Marion G. Carroll, deceased. Plaintiff's decedent rented an apartment in a building owned by defendant The Parkchester South Condominium, a partner in which is defendant Supervisory Management Corporation (collectively, PSC/SMC). Ownership of the subject apartment, an unsold dwelling unit, remained in the sponsor of the condominium conversion plan, defendant Parkchester Apartments Company (PAC), for which management services were provided by defendant Parkchester Management Corp. (PMC). On January 25, 1995, while Patricia Klumbach was at work, there was a fire in the apartment, severely injuring the then seven-year-old infant plaintiff, and ultimately resulting in the death of the child's grandmother. The complaint alleges that the victims were unable to evacuate the apartment because a door to the apartment was "sticking,"

a condition plaintiffs had allegedly previously reported to defendant PMC without result.

The motion court properly held that the evidence raises factual issues as to the condition of the apartment entry door and what responsibility, if any, the various defendants bore for the apartment's maintenance. The record discloses that work was performed on entry doors by employees of both PSC/SMC and PSC, depending on availability, and that SMC processed tenant complaints. Accordingly, whether the various defendants are chargeable with a duty to maintain the premises in reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *see also Zito v 241 Church St. Corp.*, 223 AD2d 353, 355 [1996]), and whether there was a departure from the requisite standard of care, present questions of fact appropriately left for resolution at trial.

We have reviewed the respective appellants' remaining arguments and find them unavailing. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Marlow, JJ.